# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SENTRY INSURANCE, a Mutual Company, as subrogee of General Label, Inc., <br><br>    Plaintiff, <br><br> v. <br><br> ASSEMBLY AUTOMATION ALTERNATIVES, INC. <br><br>    Defendant. | Court File No.: _____ <br><br> **COMPLAINT** <br> Jury Trial Demanded |

TO:   Defendant Assembly Automation Alternatives:

Plaintiff Sentry Insurance, a Mutual Company ("Sentry"), as subrogee of General Label, Inc. ("General Label"), by and through its attorneys, Bradley D. Fisher, Fisher Bren & Sheridan, LLP, for its Complaint against Defendant Assembly Automation Alternatives, Inc. ("Defendant"), states and alleges as follows:

## PARTIES

1.   Sentry is a property and casualty insurance company organized under the laws of the State of Wisconsin with a principal place of business in the State of Wisconsin.

2.   General Label is a corporation organized under the laws of the State of Minnesota with a principal place of business in the State of Minnesota.

3.   Defendant is a corporation organized under the laws of the Province of Ontario, Canada with a principal place of business in the Province of Ontario.

## JURISDICTION

4.  Jurisdiction is proper under 28 U.S.C. § 1332 because the matter in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and interest, and is between citizens of different states and foreign countries.

## VENUE

5.  The events giving rise to this claim occurred at General Label's Golden Valley, Minnesota, plant. Specifically, as a result of July 28, 2009, fire ("the Fire") at said plant, General Label sustained real and personal property damages, and lost profits.

6.  In February 2007, General Label ordered a laser-cutting machine directly from Defendant.

7.  In or about August 2007, Defendant shipped the laser-cutting machine to General Label's Golden Valley plant and provided on-site installation and start-up services for the the laser-cutting machine

8.  Following the installation of the laser-cutting machine, Defendant periodically serviced the Machine at General Label's plant.

9.  The Fire was caused by a defective condition in a laser-cutting machine manufactured and sold by Defendant. Said defective condition made the laser-cutting machine unreasonably dangerous for its intended use.

10.  Defendant has sold and shipped other laser-cutting machines directly to organizations based or doing business in Minnesota.

11.  Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

12. General Label is in the business of making high-quality screen- or digitally-printed products such as labels and membrane switches.

13. General Label operates a single plant located at 675 Rhode Island Avenue South, Golden Valley, Minnesota 55426 ("the Plant").

14. In 2007, General Label decided to purchase a laser-cutting machine for cutting printed products to specification.

15. On or about February 17, 2007, Defendant, a business engaged in the manufacture and sale of laser-cutting machines, provided General Label with written price quote for a "FlexLaser II" laser-cutting machine. A copy of the February 17, 2007, quote is attached hereto as Exhibit A.

16. On February 26, 2007, General Label sent Purchase Order Number 25675 to Defendant, ordering the laser-cutting machine specified in Defendant's February 17, 2007, quote. A copy of Purchase Order Number 25675 is attached hereto as Exhibit B.

17. Defendant sent Invoice Number 00201511, dated February 26, 2007, to General Label, confirming General Label's purchase of a laser-cutting machine. A copy Invoice Number 00201511 is attached hereto as Exhibit C.

18. Defendant shipped a laser-cutting machine (Model FLZ-4836-100-RR-ZL-PX, serial number 07-10104) ("the Machine") to the Plant on or about August 14, 2007.

19. Defendant commissioned the Machine at the Plant on or about August 21, 2007.

20. Defendant transported the Machine back to its Canadian facility for certain work in November 2008, and returned it to the Plant on or about January 26, 2009.

21. On July 28, 2009, a fire ("the Fire") occurred at the Plant.

22. General Label sustained damages as a direct and proximate result of the Fire, including smoke and water damage to the existing building, the destruction of the Machine, damage to other personal property, and lost profits.

23. Sentry issued Property Insurance Policy Number 4985657 to General Label ("the Policy"). The Policy was in effect between August 1, 2008, and August 1, 2009.

24. Pursuant to the Policy, Sentry Insurance paid more than $284,000 for damages sustained by General Label as a result of the Fire.

25. Sentry is subrogated to General Label's rights to the extent of those payments.

## COUNT I
### (Breach of Implied Warranty of Merchantability)

26. Sentry incorporates Paragraphs 1 through 25 by reference as though set forth fully herein.

27. Defendant is a merchant with respect to laser-cutting machines like the Machine Defendant sold to General Label in 2007.

28. Defendant implicitly warranted the Machine's merchantability.

29. Defendant breached that implied warranty in one or more of the following ways:

   a. By selling General Label a Machine that failed to remove combustible materials from the vicinity of the laser,

   b. By selling General Label a Machine that failed to shield combustible materials from the laser, and

   c. By selling General Label a Machine that caught fire when used for its ordinary purpose.

30. Defendant's breach of the implied warranty was a direct cause of the fire at the Plant and the resulting damages.

## COUNT II
### (Breach of Implied Warranty of Fitness for a Particular Purpose)

31. Sentry incorporates paragraphs 1 through 32 by reference as though set forth fully herein.

32. Defendant, at the time of sale, knew or had reason to know the particular purpose for which the Machine would be used by General Label.

33. Defendant, at the time of sale, knew or had reason to know that General Label would rely on Defendant's skill and judgment in selecting or providing a laser-cutting machine suitable for General Label's particular purpose.

34. General Label, at the time of sale, relied on Defendant's skill or judgment in selecting or providing a laser-cutting machine suitable for General Label's particular purpose.

35. Defendant implicitly warranted that the Machine would be fit for General Label's particular purpose.

36. Defendant breached that implied warranty in one or more of the following ways:

   a. By selling General Label a Machine that failed to remove combustible materials from the vicinity of the laser;

   b. By selling General Label a Machine that failed to shield combustible materials from the laser; and

   c. By selling General Label a Machine that caught fire when used for that particular purpose for which General Label used the Machine.

37. Defendant's breach of the implied warranty was a direct cause of the Fire at the Plant and the resulting damages.

## COUNT III
### (Strict Liability)

38. Plaintiff incorporates paragraphs 1 through 37 by reference as though set forth fully herein.

39. At the time it left Defendant's control, the Machine was in a defective condition unreasonably dangerous to the user, General Label, as follows:

    a. As designed, the Machine failed to remove combustible materials from the vicinity of the laser; and

    b. As designed, the Machine failed to shield combustible materials from the laser.

40. One or more of those defects was a proximate cause of the fire at the Plant and the resulting damages.

## COUNT IV
### (Negligence)

41. Plaintiff incorporates paragraphs 1 through 40 by reference as though set forth fully herein.

42. As a manufacturer of laser-cutting machines, Defendant has a duty to use reasonable care to protect property that is likely to be exposed to unreasonable risk of harm.

43. As a manufacturer of laser-cutting machines, Defendant has a duty to use reasonable care in the manufacture, inspection and testing of laser-cutting machines to protect users' or consumers' property.

44. Defendant breached its duties to use reasonable care in one or more of the following ways:

    a. Manufacturing a Laser-cutting Machine incapable of properly removing combustible materials from the vicinity of the laser;

6

b. Manufacturing a Laser-cutting Machine incapable of properly shielding combustible materials from the laser;

c. Failing to properly inspect the Laser-cutting Machine's ability to remove combustible materials from the vicinity of the laser;

d. Failing to properly inspect the Laser-cutting Machine's ability to shield combustible materials from the laser;

e. Failing to properly test the Laser-cutting Machine's ability to remove combustible materials from the vicinity of the laser; and

f. Failing to properly test the Laser-cutting Machine's ability to shield combustible materials from the laser.

45. One or more of those breaches was a proximate cause of the Fire at the Plant and the resulting damages.

WHEREFORE, Sentry respectfully requests that judgment be entered in its favor against Defendant in the amount of damages proven at trial, plus interest and costs. Sentry further prays for such further and other relief as may be appropriate and equitable.

Dated: 11/3 , 2010

FISHER BREN & SHERIDAN, LLP

Bradley D. Fisher
Attorney License ID 0219356
Fisher Bren & Sheridan LLP
701 Fourth Avenue South, Suite 610
Minneapolis, MN 55415
bfisher@fisherbren.com
612-332-0100

ATTORNEYS FOR SENTRY INSURANCE, A MUTUAL COMPANY

# FISHER BREN & SHERIDAN LLP

*Attorneys at Law*

CK 2577

701 Fourth Avenue South, Suite 610, Minneapolis, MN 55415
Office: 612-332-0100 • Fax: 612-332-9951

Susan A. Erickson
serickson@fisherbren.com
612-902-2753

*[RECEIVED stamp: 10 NOV -3 PM 3:36, CLERK U.S. DIST. COURT, MINNEAPOLIS, MN]*

November 3, 2010

PLATINUM COURIER

Re:   Sentry Insurance v. Assembly Automation Alternatives, Inc.
      Our File No. 1679.39

Please file the attached Complaint with U.S. District Court and have Summons issued and returned to me. Also attached is the Civil Cover Sheet and a check in the amount of $350 for the filing fee.

If you have any questions, please contact me.

Thank you,

Susan A. Erickson